**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| EDGARDO QUINONES | : | |
| | : | |
| Appellant | : | No. 1177 EDA 2023 |

Appeal from the Judgment of Sentence Entered April 20, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004546-2019

BEFORE: LAZARUS, P.J., STABILE, J., and KING, J.

JUDGMENT ORDER BY KING, J.: **FILED NOVEMBER 27, 2024**

Appellant, Edgardo Quinones, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his bench trial convictions of unlawful contact with a minor, corruption of minors, and indecent assault.[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On November 2, 2022, the trial court convicted Appellant of the above-mentioned offenses in connection with Appellant's sexual assault on his nine-year-old stepdaughter in 2015.  On April 20, 2023, the court sentenced Appellant to an aggregate term of one to two years of incarceration, followed by five years of probation.  Appellant was subject to the lifetime registration requirements of

_____

[1] 18 Pa.C.S.A. §§ 6318, 6301, and 3126, respectively.

Revised Subchapter H of Pennsylvania's Sexual Offender Registration and Notification Act ("SORNA") at 42 Pa.C.S.A. §§ 9799.10-9799.40. Appellant timely appealed from his judgment of sentence and, pursuant to the court's order, filed a timely concise statement of errors complained of on appeal.

Appellant raises the following issue on appeal:

> Should the SORNA lifetime registration requirement imposed as part of the sentence in the matter *sub judice* be vacated because the SORNA statute is facially unconstitutional?

(Appellant's Brief at 4).

Appellant argues that his sentence is illegal because the lifetime registration requirement pursuant to Revised Subchapter H of SORNA is facially unconstitutional. Appellant contends that Subchapter H infringes upon his constitutional right to his reputation, and therefore, unless the statute is narrowly tailored to a compelling state interest, violates his due process rights. Appellant insists that because Revised Subchapter H presumes that all sex offenders pose a high risk of reoffending, the statute is not narrowly tailored to achieve a compelling state interest. Appellant acknowledges that his constitutional claims mirror that of the defendant in *Commonwealth v. Torsilieri*, 659 Pa. 359, 232 A.3d 567 (2020) ("*Torsilieri I*"). Appellant concludes he is entitled to relief. We disagree.

Our Supreme Court's recent decision in *Commonwealth v. Torsilieri*, ___ Pa. ___, 316 A.3d 77 (2024) ("*Torsilieri II*"), renders Appellant's issue

meritless.[2] In **_Torsilieri II_**, the Pennsylvania Supreme Court held that the presumption that adult sex offenders posed a high risk of reoffending did not violate due process, and that SORNA's Revised Subchapter H registration requirements were not punitive in nature and did not constitute cruel and unusual punishment. **_Id._** at \_\_\_, 316 A.3d at 99-100, 103-110. As our Supreme Court's analysis in **_Torsilieri II_** is dispositive of the issue raised by Appellant, we discern no error on the part of the trial court in imposing Revised Subchapter H of SORNA's lifetime registration requirements on Appellant. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/27/2024

---

[2] The Supreme Court issued its decision in **_Torsilieri II_** on May 31, 2024, during the pendency of this appeal.